[No. D021024. Fourth Dist., Div. One. July 19, 1994.]

BRYAN MAURICE JONES, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Loren I. Mandel, Alternate Public Defender, Jacqueline C. Crowle, Deborah R. Carson and Jose H. Varela, Deputy Alternate Public Defenders for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Paul M. Morley and Edward J. Mantyla, Deputy District Attorneys, for Real Party in Interest.

## OPINION

HUFFMAN, J.—In this case, we are asked to decide whether Code of Civil Procedure section 206, subdivision (f) requires the court to provide the defense with addresses and telephone numbers of jurors posttrial upon request. We hold the answer is no, not after jurors have exercised their "absolute right" to refuse to discuss the deliberations or verdict with counsel under subdivision (a).

### FACTUAL AND PROCEDURAL BACKGROUND

Bryan Maurice Jones (Jones) was charged with murder with special circumstances in the deaths of four women and attempted murder, rape, sodomy and various offenses as to two other women. In March 1994, the jury found him guilty of two counts of murder with special circumstances and two counts of attempted murder, but could not reach a verdict on the other counts. The court took the verdict on four counts, declared a mistrial on the remaining counts and had the jurors begin the penalty phase.

On April 12, the jury returned a verdict of death. Conditionally sealing juror addresses and telephone numbers, the judge explained "because of the seriousness of the case, I am making a finding that there is a governmental

interest in protecting your identifying information." However, the judge additionally told jurors: "You have a right to talk or not to talk to anybody about the case. That is your decision completely. You may talk as much as you want. You may determine the terms of when you talk, to whom you talk, where you talk, about what you talk. That is completely and will always be within your domain, unless resubpoenaed for some reason back to court, but that is not likely. So just so that you're clear about that, that is your right. . . . [¶] And you will be notified again about any attempt to get your personal identifying information." Nine jurors remained in the hall after rendering the verdict to talk with counsel for an hour and a half.

The same day the penalty verdict was returned, the defense made an oral request for the court to release jurors' addresses so counsel could send out a postverdict questionnaire. The court announced it would send letters to the twelve penalty phase jurors, three alternates and one excused juror[1] notifying them of the request, asking for permission to release the information and setting an April 29 hearing for objections.[2] Twelve people responded to the court's letter—four checked the box saying they had no objection to the release of their addresses or telephone numbers, and eight checked the box objecting.[3]

Eight jurors appeared on April 29 and discussed their concerns with the court. At the conclusion of the hearing, the court refused to release the addresses or telephone numbers of the eight jurors who attended on the ground that the disclosure statute is an unconstitutional invasion of the jurors' right to privacy. On May 2, the court issued a "no contact" order prohibiting counsel or their investigators from contacting any juror at the April 29 hearing.[4]

The defense followed with this petition for writ of mandate asking us to direct the trial court vacate the April 29 and May 2 orders. We issued an order to show cause and calendared the matter for argument.

DISCUSSION

■ Relying on the statutory language and *People* v. *Simms* (1994) 24 Cal.App.4th 462 [29 Cal.Rptr.2d 436], the defense takes the position Code

---

[1]During the penalty phase, a juror was excused and replaced with an alternate after he told the court he felt the evidence presented was so heinous that mitigation would probably have no bearing on him.

[2]The letter added, absent a response, the court would assume the juror had no objection and would release his or her address and telephone number to counsel and their investigators only.

[3]Four jurors requested a closed hearing.

[4]It appears the "no contact" order covers Juror Foxx, one of the jurors who attended the April 29 hearing but later decided to discuss the case with counsel.

of Civil Procedure[5] section 206, subdivision (f) requires the court to release juror addresses and telephone numbers if the defense requests the information, although the court may limit the disclosure to the defendant, defense counsel or defendant's investigator under section 237, subdivision (d). We disagree.

## I

We start with an analysis of the relevant statutes. Section 206 deals with juror contacts posttrial. Originally enacted in 1988, section 206 provided:

"(a) Prior to discharging the jury from the case, the judge in a criminal action shall inform the jurors that they have an absolute right to discuss or not to discuss the deliberation or verdict with anyone. The judge shall also inform the jurors of the provisions set forth in subdivisions (b), (c), and (d).

"(b) Following the discharge of the jury in a criminal case, the defendant, or his or her attorney or representative, or the prosecutor, or his or her representative, may discuss the jury deliberation or verdict with a member of the jury, provided that the juror consents to the discussion and that the discussion takes place at a reasonable time and place.

"(c) Any unreasonable contact with a juror by the defendant, or his or her attorney or representative, or by the prosecutor, or his or her representative, without the juror's consent shall be reported to the trial judge forthwith.

"(d) Any violation of this section shall be considered a violation of a lawful court order and shall be subject to reasonable monetary sanctions in accordance with Section 177.5 of the Code of Civil Procedure.

"(e) Nothing in the section shall prohibit a peace officer from investigating an allegation of criminal conduct." (Stats. 1988, ch. 1245, § 2, p. 4145.)

In 1992, the Legislature passed Senate Bill No. 1299 which added subdivision (f) to section 206 and created section 237, a new statute establishing a procedure for sealing juror information.[6] (Stats. 1992, ch. 971, §§ 2, 3.)

Section 206, subdivision (f), provides:

---

[5] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[6] The legislation also amended Business and Professions Code section 7561.1 and Penal Code section 95.1, and added Penal Code sections 95.2 and 95.3. These provisions, however, do not have a direct effect on the issue before us.

"(f) Notwithstanding Section 237, a defendant or defendant's counsel may, following final adjudication of a criminal proceeding, request that the court provide personal juror information within the court's records necessary for the defendant to communicate with jurors for the purpose of developing issues on appeal or any other lawful purpose. This information may include jurors' names, addresses, and telephone numbers.

"Pursuant to this subdivision, the court shall provide the information requested to the defendant's counsel or any agent of the defendant's counsel but may limit dissemination as provided under subdivision (d) of Section 237.

Section 237 provides in pertinent part:

"(b) At the conclusion of a criminal jury proceeding, the court may, upon a juror's request, motion of counsel, or on its own motion, order that all or part of the court's record of personal juror identifying information be conditionally sealed upon finding that a compelling governmental interest warrants this action. Prior to discharging the jury from the case, the judge in a criminal action shall notify the jurors of the right of any juror to request sealing of personal juror identifying information pursuant to this section. For purposes of this section, 'compelling governmental interest' includes, but is not limited to, protecting jurors from physical harm or the threat of physical harm.

"(c) Any person may petition the court for access to these records and, in the absence of an express finding of continuing risk, the records shall be made available. The court shall provide notice of the petition and the time and place of the hearing thereon at least 10 days prior to the date of the hearing to each affected former juror by personal service or by first-class mail, addressed to the last known address of the former juror as shown in the records of the court. Any affected former juror may appear in person or by counsel to protest the granting of the petition. A former juror who wishes to appear at the hearing to oppose the unsealing of the personal juror identifying information may request the court to close the hearing in order to protect the former juror's anonymity.

"(d) The court may limit access to records sealed under subdivision (b) to the defendant, the defendant's counsel, or the defendant's investigator for the purpose of developing issues of appeal or for any other lawful purpose. The court may require agreement that the defendant, defendant's counsel, or defendant's investigator not divulge jurors' identities or identifying information to others."

The last part of section 237 makes it a misdemeanor for anyone to knowingly solicit or disclose sealed information. (§ 237, subds. (e) & (f).)

## II

From the time of its enactment, section 206 has focused on protecting jurors from unwanted postverdict intrusions.[7] That section requires the court to inform jurors they have "an absolute right" not to discuss the deliberations or verdict with anyone. (§ 206, subd. (a).) It also requires the "juror's consent" before either the defense or prosecution may discuss the case with a juror. (§ 206, subd. (b).) The statute authorizes the court to impose sanctions for any contact without juror consent. (§ 206, subds. (c) & (d).)

Later enacted section 206, subdivision (f), does nothing to change the focus. That is, even though subdivision (f) states the defense "may" request addresses and telephone numbers to "communicate with jurors for the purpose of developing issues on appeal or any other lawful purpose" and the court "shall" provide the information requested to counsel, the staunch juror protections under subdivisions (a) through (d) remain untouched and firmly in place. Notwithstanding subdivision (f), counsel still may not: communicate with a juror about the deliberations or verdict absent the "juror's consent" (§ 206, subds. (b) & (c)), or discuss the case with a juror who exercises his "absolute right" not to talk about the deliberations or verdict (§ 206, subd. (a)). As such, subdivision (f) never comes into operation in the case of the unwilling juror, the juror who refuses to discuss the case with counsel.

Subdivision (f)'s companion, section 237, strengthens juror protections in that it authorizes the court to conditionally seal juror information at the conclusion of a criminal case when there is a "compelling governmental interest." (§ 237, subd. (b).) It also allows the court to keep the information sealed despite a request for access if there is continuing governmental interest. (§ 237, subd. (c).) Although section 237 adds that the court "may" limit access to the sealed records to the defense to develop appellate issues or for any other lawful purpose and "may" condition access on an agreement not to divulge juror information to anyone other than the defendant, his counsel or investigator (§ 237, subd. (d)), nothing in section 237 requires the

---

[7]Other than the addition of subdivision (f) in 1992, and language added in 1993 to section 206, subdivision (a), requiring the trial court to advise jurors of their right to request an order sealing juror records under section 237, section 206 essentially remains the same as when it was enacted in 1988.

court to grant access to the defendant, counsel or anyone else in the face of a "compelling governmental interest."[8] Harmonizing sections 237 with 206, we conclude a juror's refusal to discuss the deliberations or verdict is a "compelling governmental interest" sufficient to authorize the court to keep that juror's address and telephone number sealed.

Our interpretation is bolstered by the legislative history of the 1992 amendments. Senate Bill No. 1299 added section 206, subdivision (f), and section 237 out of a concern about limiting access to juror information. The bill was prompted by a Los Angeles case in which a defendant convicted of murdering his estranged wife and soliciting his daughter's murder hired a private investigator to get the addresses of members of his jury "for the presumed purpose of working harm." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1299 (1991-1992 Reg. Sess.) as introduced Feb. 25, 1992.) Three of the jurors contacted had unlisted telephone numbers which were discovered by the investigator through public records including voter registration. (Assem. Com. on Public Safety (1991-1992 Reg. Sess.) New Statutes Affecting the Criminal Law, pp. 35-36.)

Senate Bill No. 1299 was meant to remedy a perceived shortcoming in the law which made it a misdemeanor to threaten a juror in a criminal case postverdict but did not prohibit the possession of juror addresses or assisting a defendant in obtaining addresses. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1299 (1991-1992 Reg. Sess.) as introduced Feb. 25, 1992.) The bill filled the gap by giving the court some measure of control over the flow of information under section 206, subdivision (f), and creating a mechanism for sealing the information, prohibiting future access, and making improperly obtaining or releasing the information a misdemeanor in and of itself under section 237.

It is clear the Legislature was trying to close the door to access of juror addresses and telephone numbers to the extent that it could—not open it to information on demand. We are satisfied the court may refuse the defense posttrial access to addresses and telephone numbers of jurors under subdivision (f) once jurors withhold their consent to discuss the deliberations or verdict with counsel. Any other interpretation would allow subdivision (f) to swallow up the juror protections provided by section 206, subdivisions (a)

---

[8]"Compelling governmental interest" is very loosely defined as "includ[ing], but . . . not [being] limited to, protecting jurors from physical harm or the threat of physical harm." (§ 237, subd. (b).)

through (d), and run counter to the legislative intent of Senate Bill No. 1299.[9]

## III

The reliance on *People* v. *Simms, supra,* 24 Cal.App.4th 462, is equally unavailing. In *Simms,* the issue was posttrial access to a juror who allegedly talked to the prosecutor in the hallway during trial. After a hearing where the defendant's aunt testified she witnessed the conversation and the prosecutor stated he did not remember speaking with any juror, the trial court refused to give the address or telephone number of the juror in question to the defense.

The Second District determined the trial court improperly conducted a hearing and withheld the information, adding that the hearing revealed a conflict in the testimony of two interested witnesses when "a simple telephone call" from defense counsel to the juror herself would have either ended the matter assuming the juror denied talking to the prosecutor during trial or required a hearing if she confirmed she had. (*People* v. *Simms, supra,* 24 Cal.App.4th at pp. 466-467.) Rejecting authority which put the burden on the defendant to make a showing sufficient to support a reasonable belief that jury misconduct had occurred (see *People* v. *Rhodes* (1989) 212 Cal.App.3d 541, 551-552 [261 Cal.Rptr. 1]), the appellate court concluded nothing more is required to obtain a juror's address and telephone number under section 206, subdivision (f), than showing the defendant wants the information "for the purpose of developing issues on appeal or for any other lawful purpose." (*People* v. *Simms, supra,* 24 Cal.App.4th at pp. 468-469.)

*Simms* has very little to do with the case before us. We are not concerned with what a defendant must show in order to obtain access to juror addresses and telephone numbers under section 206, subdivision (f). Our concern is more properly with what access is permitted when jurors withhold their consent to discussions. In *Simms,* the juror had not refused to talk with counsel: "*Simms* was not asking for unqualified access or access to an unwilling juror." (*People* v. *Simms, supra,* 24 Cal.App.4th at p. 467.) As far as the Second District was concerned, this factor alone was sufficient to distinguish *People* v. *Cox* (1991) 53 Cal.3d 618 [280 Cal.Rptr. 692, 809 P.2d 351}, a case which predated the 1992 legislation where the Supreme Court affirmed an order requiring that contact with jurors be through the court

---

[9]Because we decide the petition on this ground, we do not reach the issue of whether disclosure of the addresses and telephone numbers is an invasion of a juror's constitutional right to privacy.

clerk explaining ". . . the defense [is not] allowed unqualified access to the jury after the conclusion of the trial."[10] (*Id.* at p. 700.)

Here, in contrast to *Simms*,[11] eight jurors turned defense counsel down after the lawyers looked jurors in the eye on April 29, stated why they wanted further contact and asked the jurors to cooperate. As Juror Gomez put it: ". . . [I]f I give my name and address and . . . the defense wanted to talk to me, I have to now put myself back in that place where I once was and it wasn't a very comfortable place. [¶] . . . It was just the emotion. Yes, it's a roller coaster. It's a feeling. I don't want to feel that feeling anymore. . . . That was the hardest thing in my life, and I don't want to be there anymore." Juror Richardson echoed similar sentiments: ". . . [T]his is my second week at work . . . and I am . . . barely getting my act together . . . I lost my cool yesterday at a certain person . . . . [¶] [F]or me this trial—this job was a big one . . . and it rates with having kids and being married and everything like that. This is one of the big ones, Judge. . . . And for my own peace of mind, let me move on to the next step, please." Juror Williams explained: ". . . I put a lot of things on hold . . . . [I] didn't do anything. [I] couldn't sleep, couldn't eat. . . . I couldn't put myself through that again." The record reflects the jurors performed their jury service conscientiously: they took the case to heart, it exacted a high toll on them emotionally,[12] and they wanted to—and had a right to—put the experience behind them.

It would be an understatement to say the jurors who appeared at the April 29 hearing expressed anything less than an ardent desire not to discuss the case with counsel. The trial court had the authority to withhold their addresses and telephone numbers and to issue an order prohibiting contact with those jurors—even if the information enabling counsel to reach the jurors came from an independent source—because, as of April 29, contact was without the "juror's consent" and in violation of the juror's "absolute right" not to discuss the case with anyone. (§ 206, subds. (a) & (b).) We add, however, if a juror experiences a change of heart and no longer has an

[10]In Cox, the defense investigator had been given access to juror addresses. One juror apparently made a statement to the investigator about certain information that had not been received in evidence and, after refusing to sign a sworn declaration or testify in court, expressed anxiety about the investigator's repeated calls.

[11]We note the majority in *People* v. *Scott* (Cal.App.) interpreted section 206, subdivision (f) in a manner similar to *Simms*. However, the *Scott* case is distinguishable for the same reasons as *Simms*: neither addresses the situation of the unwilling juror that we are concerned with here.

[12]We note the case was so difficult for jurors that, at the time the verdict was taken, the foreman asked on behalf of the panel whether the court had counseling available.

objection, as is apparently the case with Juror Foxx,[13] the court may not withhold the identifying information or bar contact with that juror.

## IV

■    Finally, the defense argues the "no contact" order violates the defendant's due process right to a fair trial. We disagree. The defense has had adequate avenues to explore appellate issues with the jurors. Counsel discussed the case with nine jurors who remained in the hallway for an hour and a half after the verdict, talking with them individually and in groups, passing out business cards to the jurors and the like. Counsel also has access to jurors who returned the forms indicating they had no objection to the release of their addresses and telephone numbers, and jurors who neither responded to the court's letter nor appeared at the hearing. As the People point out and defense counsel concedes, nothing so far has suggested any jury misconduct or any other impropriety that might implicate the defendant's due process right to a full and fair opportunity to present his case.

The defense counters there could be a need for the addresses and telephone numbers if new facts come to light from contacts open to counsel that may require confirmation from and discussion with the objecting jurors. In that event, we are satisfied that counsel will bring the matter to the attention of the trial judge who may then request permission from the objecting jurors for further contact or, if appropriate, hold an evidentiary hearing to determine the truth or falsity of any allegations of jury misconduct. (See *People* v. *Hedgecock* (1990) 51 Cal.3d 395, 415 [272 Cal.Rptr. 803, 795 P.2d 1260].) Until such an occasion arises, however, the issue is premature.

In sum, because we conclude the court correctly withheld the addresses and telephone numbers of jurors who refused to discuss the deliberations or verdict with counsel and properly issued the "no contact" order, we deny the petition. To the extent Juror Foxx or any other juror later agreed to communicate with counsel, however, the orders withholding the identifying information and barring contact are invalid and the petition is granted.

Let a writ of mandate issue vacating the orders of April 29, 1994, and May 2, 1994, as to Juror Foxx or any other juror who has agreed to contact by counsel, and enter an order consistent with this opinion. In all other respects, the petition is denied. This opinion shall be final as to this court in 10 days.

---

[13]See footnote 4, *ante.*

(Cal. Rules of Court, rule 24(d).) The order previously issued on June 7, 1994, staying sentencing and new trial proceedings shall expire at the time the opinion is final as to this court.

Benke, Acting P. J., and Froehlich, J., concurred.

Petitioner's application for review by the Supreme Court was denied September 29, 1994.